UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAYLA MORRIS et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-380** |
| **DAVID HEDRICKS et al.** | **SECTION: "G"(3)** |

### ORDER AND REASONS

In this litigation, Plaintiffs Kayla Morris ("Morris") and Christopher M. Broussard ("Broussard"), individually and on behalf of the decedent Leslie Fernandez (collectively "Plaintiffs"), bring excessive force claims pursuant to 42 U.S.C. §§ 1983, 1988 against Defendants David Hedricks ("Hedricks"), Fred Middleton ("Middleton"), and an Unknown Deputy, in their official capacities as a the Sheriff of Concordia Parish and employees of the Concordia Parish Sheriff's Department (collectively "Defendants").[1] Pending before the Court is Defendants' unopposed "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3)."[2] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[3] The instant motion was noticed for submission on August 10, 2022.[4] Thus, Plaintiffs' opposition to Defendants' motion was due on August 2, 2022. Plaintiffs have not filed an opposition to this motion, and therefore the motion is deemed to be unopposed. This Court has authority to grant a

---

[1] Rec. Doc. 1 at 1-2.

[2] Rec. Doc. 13.

[3] EDLA Local Rule 7.5.

[4] Rec. Doc. 13-2.

1

motion as unopposed, although it is not required to do so.[5] Having considered the motion, the memorandum in support of the motion, the record, and the applicable law, the Court grants the motion.

## **I. Background**

In the Complaint, Plaintiffs allege that they were beaten and threatened as pretrial detainees in the Concordia Parish Jail "on or about February 12th, 13th, 14th, 2021."[6] Plaintiffs contend that surveillance footage of the Concordia Parish Jail premises document these allegations.[7] Plaintiffs allege that one surveillance video shows an unidentified deputy entering into a cell and using a closed fist to strike Morris after a verbal altercation.[8] Plaintiffs contend that a separate video shows a male deputy physically punch Morris after a verbal altercation occurred between inmates waiting in the line to receive medication.[9] Plaintiffs allege that Morris received a shattered orbital socket from these instances of physical abuse.[10] Plaintiffs further allege that a family member of the Sherriff tasked with transferring Morris to the Natchitoches Parish Detention Center made inappropriate sexual advances and rendered improper medical care, including giving Morris an illegal drug, Tramadol.[11]

---

[5] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 330, 356 (5th Cir. 1993).

[6] Rec. Doc. 1 at 2–3.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

Plaintiffs allege that both Morris and another inmate, Takela Rachel ("Rachel"), had been transported to the Natchitoches Parish Detention Center by March 9, 2021.[12] Plaintiffs assert that after Morris and Rachel were moved to the Natchitoches Parish Detention Center, Defendants detained Fernandez in the male population unit in the Concordia Parish Jail.[13] Plaintiffs contend that Defendants did so to get Fernandez to testify against Morris and Rachel.[14] Plaintiffs aver that after Fernandez's coerced cooperation, both Rachel and Morris were charged with battery upon a corrections officer and Morris was also charged with simple escape in relation to the above-mentioned incidents.[15]

On February 14, 2022, Plaintiffs filed the instant suit against Defendants.[16] Plaintiffs bring claims of assault and battery under Louisiana law and further claim that Hedrick, Middleton, and the Unidentified Deputy violated Plaintiffs' constitutional rights through the use of excessive force.[17] Plaintiffs contend that Hedrick, as Sherriff, is liable for the tortious conduct of the deputies and staff beneath him under the doctrine of respondeat superior and for negligent hiring and/or supervision.[18]

On July 13, 2022, Defendants filed the instant motion to dismiss with prejudice for improper venue and because Plaintiffs' claims have prescribed.[19] The motion was noticed for

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 7.

[18] *Id.* at 7–8.

[19] Rec. Doc. 13 at 1.

submission on August 10, 2022.[20] Thus, Plaintiffs' opposition to Defendants' motion was due on August 2, 2022. Plaintiffs have not filed an opposition to this motion, and therefore the motion is deemed to be unopposed.

## II. Defendants' Arguments

Defendants allege that this Court is an improper venue for this suit pursuant to 28 U.S.C. § 1391.[21] Specifically, Defendants argue that because the Complaint states that all the named and unnamed defendants are domiciled in the Western District of Louisiana, this Court is an improper venue.[22] Defendants further argue that because the Complaint states that all relevant actions at issue occurred in Concordia Parish, which is in the Western District of Louisiana, this Court must dismiss or transfer Plaintiffs' suit.[23] Defendants argue that 28 U.S.C. §1406(a) provides that a district court shall dismiss a case brought in the wrong venue, unless it is in the interest of justice to transfer the case to another district were venue would be proper.[24] Although Defendants admit that a district court generally does not dismiss a case with prejudice for improper venue, Defendants nonetheless argue that dismissal with prejudice is appropriate in this case because this suit has also prescribed.[25]

Defendants assert that the statute of limitations for a §1983 action is the same as the general statute of limitations for a personal injury action in the state in which the claim accrues.[26]

---

[20] Rec. Doc. 13-2.

[21] Rec. Doc. 13-1 at 2.

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.*

[26] *Id.*

4

Defendants quote Louisiana Civil Code article 3462, arguing that, when a suit is filed in an improper venue, "prescription is interrupted only as to a defendant served by process within the prescriptive period."[27] Defendants assert that where a plaintiff files suit in an improper venue before the prescriptive period has run, only the act of serving the defendant with process will interrupt the prescriptive period before it expires.[28] Defendants aver that Plaintiff's claim prescribed on February 14, 2022, at the latest, because Plaintiffs' claim arises from events that allegedly occurred on or about February 12, 13, or 14, 2021.[29] Defendants argue that because Plaintiffs initiated this suit in an improper venue and did not properly serve Defendants before the running of the applicable prescriptive period,[30] prescription has not been interrupted, and thus the claim is time-barred.[31] Therefore, Defendants argue that the Court should dismiss the case with prejudice.[32]

### III. Legal Standard

A motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) generally requires a district court to determine whether venue is supported by 28 U.S.C. § 1391.[33] Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

---

[27] *Id.* at 4–5 (quoting La. Civ. Code art. 3462).

[28] *Id.*

[29] *Id.*

[30] This Court notes that Plaintiffs did not serve Defendants until June 22, 2022. *See* Rec. Docs. 9, 11, 12.

[31] Rec. Doc. 13-1 at 5–6.

[32] *Id*. at 5–6.

[33] *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).

transfer such case to any district or division in which it could have been brought."[34] Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district he chose is the proper venue.[35] When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[36] However, Rule 12(b)(3) permits the Court to look at all evidence in the record beyond simply those facts alleged in the complaint and its proper attachments.[37] A district court's dismissal for improper venue is reviewed for abuse of discretion.[38]

28 U.S.C. § 1391 states that a civil action may, except as otherwise provided by law, be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided by 28 U.S.C. § 1391, a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.[39]

The Court will address each of these three options enumerated in 28 U.S.C. § 1391 to determine whether venue is proper in the Eastern District of Louisiana. Because the Court finds that venue is not proper in the Eastern District of Louisiana, it will then determine whether dismissal or transfer is appropriate pursuant to 28 U.S.C. § 1406(a).

---

[34] 28 U.S.C. § 1406(a).

[35] *Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268, 1995 WL 696803, at *3 (5th Cir. 1995).

[36] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008) (quoting *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007)).

[37] *Lighthouse MGA, LLC v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 514 (5th Cit. 2011).

[38] *See McClintock v. Sch. Bd. of East Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008).

[39] 28 U.S.C. § 1391(b).

## IV. Analysis

*A.    Whether Venue is Proper Pursuant to 28 U.S.C. § 1391(b)*

Under 28 U.S.C. § 1391(b)(1), a suit may be brought in a judicial district in which any defendant resides if all defendants reside in the state in which the district is located. In the Complaint, Plaintiffs assert that all Defendants are "adult citizen[s] of the State of Louisiana and domiciled in the Western District of Louisiana."[40] Further, Plaintiffs filed no opposition to Defendants' motion and assert no other basis for this Court to find that venue is proper in the Eastern District of Louisiana. Therefore, the Court finds that the record indicates that none of the Defendants reside in the Eastern District of Louisiana, and venue is not proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action may be brought in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[41] Here, Plaintiffs do not allege that any of the events or omissions giving rise to these claims occurred in the Eastern District of Louisiana or that any property that is the subject of the action is situated in the district. Plaintiffs allege that all injuries sustained from purported uses of excessive force by employees of the Concordia Parish Sherriff's Office occurred at the Concordia Parish Jail.[42] This Court acknowledges that Concordia Parish lies in the Western District of Louisiana. Thus, the Court finds that venue is not proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2).[43]

---

[40] Rec. Doc. 1 at 2.

[41] 28 U.S.C. §1391(b)(2).

[42] Rec. Doc. 1 at 2.

[43] *Id.*

Pursuant to 28 U.S.C. § 1391(b)(3), "if there is no district in which an action may otherwise be brought" under the venue statute, then a civil action may be brought "in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[44] This third option is not applicable in this case, because there exists another district in which this action may otherwise be brought.[45] Plaintiffs' action could have been brought in the Western District of Louisiana, where all Defendants are domiciled.[46] Therefore, the Court finds that venue is not proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(3).[47] Here, Plaintiffs' filed suit in the Eastern District of Louisiana.[48] Because all Defendants are domiciled in the Western District of Louisiana[49] and because all relevant actions occurred in the Western District of Louisiana,[50] this Court finds that venue is not proper in this district under any of the three options enumerated in the federal venue statute.

### B.   *Whether the Action Should be Dismissed or Transferred Pursuant to 28 U.S.C. § 1406(a)*

Pursuant to 28 U.S.C. §1406(a), when a plaintiff selects an improper venue, a court "*shall* dismiss [the action], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[51] In *McClintock v. School Board of East Feliciana Parish*, the Fifth Circuit affirmed the district court's order dismissing the case with prejudice because the

---

[44] 28 U.S.C. § 1391(b)(3).

[45] *Id.*

[46] *See id.*

[47] *Id.*

[48] Rec. Doc. 1 at 1.

[49] Rec. Doc. 1 at 2.

[50] *Id.*

[51] 28 U.S. § 1406(a) (emphasis added).

8

case was filed in an improper venue and the plaintiff's claims were time-barred.[52] The plaintiff in *McClintock* filed a cause of action under state tort law and 42 U.S.C. § 1983 in the improper federal district court several days before the running of the prescriptive period.[53]

Regarding § 1983 claims, the Fifth Circuit noted that federal courts borrow the limitations period from state "tort action[s] for the recovery of damages for personal injuries."[54] In Louisiana, state law tort claims have a one-year prescriptive period.[55] Additionally, the Fifth Circuit noted that Louisiana Civil Code article 3462 provides that prescription is not interrupted by the filing of a suit in an improper venue unless the "defendant is served with process within the prescriptive period."[56] Considering that it was undisputed that the plaintiff had not served the defendant until after the running of the prescriptive period, the Fifth Circuit found that the plaintiff's claims were time-barred because the filing of the suit in an improper venue did not interrupt prescription.[57] Accordingly, "[b]ecause re-filing in a court with proper venue would be futile," the Fifth Circuit concluded that "the district court did not abuse its discretion in dismissing the suit with prejudice."[58]

As a general rule, prescription is interrupted by the filing of a claim "in a court of competent jurisdiction and venue."[59] However, when a suit is filed in an improper venue, "prescription is

---

[52] *McClintock*, 299 F. App'x at 366.

[53] *Id.* at 364.

[54] *Id.* at 366.

[55] *Id.* (quoting La. Civ. Code art. 3692).

[56] *Id.* (quoting La. Civ. Code art. 3462).

[57] *Id.*

[58] *Id.*

[59] La. Civ. Code art. 3462.

9

interrupted only as to a defendant served by process within the prescriptive period."[60] Therefore, where a plaintiff files suit in an improper venue before the prescriptive period has run, only the act of serving the defendant with process will interrupt the prescriptive period before it expires. Here, Defendants have correctly asserted that because Plaintiffs initiated this suit in an improper venue and did not properly serve Defendants before the running of the applicable prescriptive period,[61] prescription has not been interrupted, and thus the claim is time-barred.[62] Therefore, the Court must dismiss the case with prejudice.[63]

*McClintock* controls the resolution of the instant motion. Just as the plaintiff in *McClintock*, Plaintiffs here assert causes of action under 42 U.S.C. § 1983 and state tort law. The events giving rise to Plaintiffs' claims occurred on February 12, 13, or 14, 2021.[64] Therefore, Plaintiff had until February 14, 2022 to file suit.[65] Plaintiff filed this action in the Eastern District of Louisiana on February 14, 2022.[66] For the reasons discussed above, the Eastern District of Louisiana is an improper venue. Because Plaintiffs filed the Complaint in an improper venue, the act of filing did not interrupt the prescription. Furthermore, Defendants were not served with process until months after the prescriptive period ran.[67] Thus, this Court finds that Plaintiffs' claims are prescribed, and

---

[60] *Id.*

[61] This Court notes that Plaintiffs did not serve Defendants until June 22, 2022. Rec. Docs. 9, 11, 12.

[62] Rec. Doc. 13-1 at 5–6.

[63] *Id*. at 5–6.

[64] Rec. Doc. 1 at 2.

[65] *Id.*

[66] The Complaint also references events that occurred in March and May 2021. *Id.* at 3. Even assuming that the prescriptive period did not begin to run until May 2021, the claims would nevertheless be time-barred because Defendants were not served until June 22, 2022.

[67] *See* Rec. Docs. 9, 10, 11.

transferring the case to the Western District of Louisiana would be futile.[68] Accordingly, this Court must dismiss Plaintiffs' claims with prejudice.[69]

## V. Conclusion

This Court finds that venue is improper in the Eastern District of Louisiana because the record shows that: (1) pursuant to 28 U.S.C. § 1391(b)(1), Defendants do not reside in the Eastern District of Louisiana; (2) pursuant to 28 U.S.C. § 1391(b)(2), a "substantial part" of the events giving rise to Plaintiffs' claims did not occur in this District; and (3) pursuant to 28 U.S.C. § 1391(b)(3), the action could have been brought in the Western District of Louisiana. Because the Plaintiffs' claims have prescribed and transferring the case to the appropriate venue would be futile, the Court finds that it must dismiss Plaintiffs' suit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's claims in the above captioned matter are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA** this 28th day of September, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[68] *McClintock*, 299 F. App'x at 366.

[69] *Id.*

11